# "EXHIBIT A"



## JUAN FERNANDEZ-BARQUIN
### CLERK OF THE COURT AND COMPTROLLER
### MIAMI-DADE COUNTY

Contact Us        My Account        

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀◀ BACK

Not all search results will be displayed on-line. For example, the following case types (Sealed, Juvenile, Adoption and Mental Health Cases) may or may not be in existence and may or may not be viewable by the public pursuant to Florida Supreme Court Mandate and the corresponding Access Security Matrix.

### LUIS SANTIAGO PENA BOBBIO VS IMPERIAL BAG & PAPER CO. LLC ET AL

| | | | |
|---|---|---|---|
| Local Case Number: | 2023-021177-CA-01 | Filing Date: | 08/10/2023 |
| State Case Number: | 132023CA021177701GE01 | Judicial Section: | CA15 - Downtown Miami |
| Consolidated Case No.: | N/A | Court Location: | 73 West Flagler Street, Miami FL 33130 |
| Case Status: | OPEN | Case Type: | Discrimination - Employment or Other |

≡ **Related Cases**                    Total Of Related Cases: 0    **+**

👥 **Parties**                    Total Of Parties: 4    **+**

🔍 **Hearing Details**                    Total Of Hearings: 0    **+**

🔊 **Dockets**                    Total Of Dockets: 17    **—**

| | DIN | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 16 | 01/09/2024 | | Notice of Interrogatory | Event | |
| 📄 | 15 | 01/09/2024 | | Request for Production | Event | |
| 📄 | 14 | 01/09/2024 | | Request for Admissions | Event | |
| 📄 | 13 | 12/29/2023 | | Motion for Extension of Time | Event | Parties: Pena Bobbio Luis Santiago |
| 📄 | 12 | 12/21/2023 | | Waiver: | Event | **OF SERVICE OF PROCESS** |
| 📄 | 11 | 10/09/2023 | | Order Setting CM Deadline | Event | |
| 📄 | 10 | 08/22/2023 | | Receipt: | Event | **RECEIPT#:3240162 AMT PAID:$10.00 NAME:TWOMBLY, ROBERT Y. 9999 NE 2ND AVE STE 306 MIAMI SHORES FL 33138-2346 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:EFILINGS TENDER AMT:$10.00 RECEIPT DATE:08/22/2023 REGISTER#:324 CASHIER:EFILINGUSER** |

| | DIN | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | 9 | 08/22/2023 | | Receipt: | Event | **RECEIPT#:3240148 AMT PAID:$10.00 NAME:TWOMBLY, ROBERT Y. 9999 NE 2ND AVE STE 306 MIAMI SHORES FL 33138-2346 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:EFILINGS TENDER AMT:$10.00 RECEIPT DATE:08/22/2023 REGISTER#:324 CASHIER:EFILINGUSER** |
| | | 08/21/2023 | | 20 Day Summons Issued | Service | |
|  | 8 | 08/21/2023 | | ESummons 20 Day Issued | Event | **RE: INDEX # 6.**<br>Parties: Imperial Bag & Paper Co. LLC |
| | | 08/21/2023 | | 20 Day Summons Issued | Service | |
|  | 7 | 08/21/2023 | | ESummons 20 Day Issued | Event | **RE: INDEX # 5.**<br>Parties: Imperial Bag & Paper Co. LLC |
|  | 6 | 08/21/2023 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
|  | 5 | 08/21/2023 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| | 4 | 08/12/2023 | | Receipt: | Event | **RECEIPT#:3150067 AMT PAID:$401.00 NAME:TWOMBLY, ROBERT Y. 9999 NE 2ND AVE STE 306 MIAMI SHORES FL 33138-2346 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:EFILINGS TENDER AMT:$401.00 RECEIPT DATE:08/12/2023 REGISTER#:315 CASHIER:EFILINGUSER** |
|  | 2 | 08/10/2023 | | Complaint | Event | |
|  | 1 | 08/10/2023 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer.

**General**

Online Case Home

Civil / Family Courts Information

Login

**Help and Support**

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us





Juan Fernandez-Barquin
Clerk of the Court and Comptroller
Miami-Dade County

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2024 Clerk of the Courts. All rights reserved.



**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>  COUNTY, FLORIDA

<u>Luis Santiago Pena Bobbio</u>
Plaintiff                                                    Case # _____
                                                              Judge  _____

vs.

<u>Imperial Bag & Paper Co. LLC, Dade Paper & Bag, LLC</u>
Defendant

---

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☒  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

### III.    TYPE OF CASE        (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☒ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
     ☐ Residential Evictions
     ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   2

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☐ yes
    ☒ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Robert Young Twombly Jr.     Fla. Bar # 60127
     Attorney or party          (Bar # if attorney)

Robert Young Twombly Jr.         08/10/2023
 (type or print name)        Date

**IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**CASE NUMBER:**

**LUIS SANTIAGO PENA BOBBIO,**

      **Plaintiff,**

**vs.**

**IMPERIAL BAG & PAPER CO. LLC,**
**a foreign limited liability company, d/b/a**
**IMPERIAL DADE, and**
**DADE PAPER & BAG, LLC,**
**a Florida limited liability company, d/b/a**
**IMPERIAL DADE,**

      **Defendants.**
**_____/**

### COMPLAINT

COMES NOW, Plaintiff, Luis Santiago Pena Bobbio, by and through his undersigned counsel, and sues Defendants, Imperial Bag & Paper Co. LLC d/b/a Imperial Dade and Dade Paper & Bag, LLC d/b/a Imperial Dade (collectively known as "Imperial Dade"), and states as follows:

### JURISDICTION AND VENUE

1.     This is an action brought by Plaintiff against Imperial Dade for violations of 29 U.S.C. § 621 *et seq.,* the Age Discrimination in Employment Act ("ADEA") and §760.10, *Florida Statutes,* the Florida Civil Rights Act ("FCRA") for damages in excess of $50,000.00.

2.      This Court has jurisdiction over Plaintiff's ADEA claim, as well as, his state law claim.

3.      Venue is proper in Miami-Dade County, Florida.

## ADMINISTRATIVE REQUIREMENTS

4.      All conditions precedent to the maintenance of this action have been met.

5.      Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). A copy of said Charge is attached hereto as Exhibit "A."

6.      On 05/11/2023, the EEOC issued its Notice of Right to Sue. A copy of the Notice of Right to Sue is attached hereto as Exhibit "B."

7.      Plaintiff has timely filed this suit in accordance with the ninety (90) day window after his receipt of the EEOC Notice of Right to Sue.

## PARTIES

8.      At all relevant times, Plaintiff was over the age of fifty-five (55) and a resident of Miami-Dade County, Florida.

9.      At all relevant times, Imperial Dade was duly authorized and licensed to do business in Miami-Dade County, Florida.

10.     At all times material, Imperial Dade was and is engaged in the business of selling, amongst other things, food packing supplies and cleaning supplies at 9601 NW 112th Avenue in Miami, Florida (the "Plant"), with more than twenty (20) employees.

11.     Imperial Dade owns and/or operates the Plant.

## GENERAL ALLEGATIONS

12.     Plaintiff was employed by Imperial Dade as a general cleaning laborer.

13.     Beginning on or about 05/2020, Imperial Dade singled out Plaintiff and another employee (the two oldest working in the Plant) to do certain duties outside of the general scope of their employment.

14.     Beginning on or about 05/2020, Plaintiff and a similarly aged employee were regularly assigned to unload and move, by themselves, the heaviest items from certain trucking containers, while being verbally harassed and bullied by their supervisors.  Other younger plant workers were not asked to do this work or harassed and bullied by the supervisors in the same manner as Plaintiff.

15.     Beginning on or about 01/2021, Imperial Dade changed Plaintiff's work schedule from 9:00 am – 5:30 pm to 6:30 am – 8:30 pm (or longer).  Other younger plant workers did not have their work schedule changed.

16.     Beginning on or about 01/2021, Imperial Dade required Plaintiff and the other older co-worker to maintain and clear the outside garden area of the Plant (in the hot sun) even though Imperial Dade contracted with an outside vendor to maintain and clear the said garden area.  Other younger plant workers were not asked to do this work.

17.      Plaintiff complained to Imperial Dade about the disparate treatment of both he and his similarly aged co-worker.  In response to Plaintiff's complaints, Imperial Dade told him that he could either keep doing his job or "retire".

18.     On or about 11/18/2021, Imperial Dade ordered Plaintiff, without assistance, to move several heavy boxes resulting in him suffering a serious back injury.  Other younger plant workers were not asked to move such boxes by themselves.

19.     Imperial Dade's age-related discriminatory acts resulted in Plaintiff resigning from his employment.

20.     As discussed above, after the above-referenced discriminatory acts occurred, Plaintiff filed a Charge with the EEOC.

21.     After investigating the Charge, the EEOC issued a Notice of Right to Sue on 05/11/2023.

22.     As a result of Imperial Dade's unlawful actions, Plaintiff hired the law firm of White & Twombly, P.A. and has agreed to pay it all reasonable attorneys' fees and costs incurred by it for rendering services on his behalf.

23.     All conditions precent have occurred, were performed or have been waived.

## COUNT I - AGE DISCRIMINATION IN
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992

24.     Plaintiff hereby re-alleges and re-asserts paragraphs 1 through 23 and incorporates them as if fully set forth herein.

25.     Imperial Dade is an "employer" as defined by § 760.02(7) of the Florida Statutes.

26.     Plaintiff is over the age of forty (40) and as such is guaranteed specific civil rights under the FCRA.

27.     Plaintiff was qualified for his position at the Plant and Imperial Dade disparately treated he and another similarly aged employee solely because of their age.

28.     Imperial Dade's actions are violations of the FCRA because it discriminated against Plaintiff solely based on his age.

29.     Ultimately, Imperial Dade forced Plaintiff and his co-worker out of their jobs based solely upon the fact that they were older than the other plant employees.

30.     As a direct and proximate result of Imperial Dade's conduct, Plaintiff has suffered damages, including past and future lost wages and benefits, the costs of bringing this action and other non-economic damages.

### COUNT II - AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 621 *Et Seq.*

31.     Plaintiff hereby re-alleges and re-asserts paragraphs 1 through 23 and incorporates them as if fully set forth herein.

32.     Imperial Dade is an "employer" as defined by 29 U.S.C. § 630(b).

33.     Plaintiff is over the age of forty (40) and as such he is guaranteed specific civil rights under the ADEA.

34.     Plaintiff was qualified for his position at the Plant and Imperial Dade disparately treated he and another similarly aged employee solely because of their age.

35.     Imperial Dade's actions are violations of the FCRA because it discriminated against Plaintiff solely based on his age.

36.     Ultimately, Imperial Dade forced Plaintiff and his co-worker out of their jobs based solely upon the fact that they were older than the other plant employees.

37.     As a direct and proximate result of Imperial Dade's conduct, Plaintiff has suffered damages, including past and future lost wages and benefits, the costs of bringing this action and other non-economic damages.

38.     Imperial Dade willfully violated Plaintiff's rights under the ADEA and, as a result, is liable for liquidated damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a)      that process issue and this Court take jurisdiction over this case;

(b)      that this Court grant equitable relief against Imperial Dade under the applicable

counts set forth above, mandating Imperial Dade's compliance with the laws enumerated

herein and providing other equitable relief to Plaintiff;

(c)      enter judgment against Imperial Dade and in favor of Plaintiff awarding him damages

from Imperial Dade for its violations of the law as stated herein as well as interest;

(d)      enter judgment against Imperial Dade and in favor of Plaintiff permanently enjoining

Imperial Dade from future violations of the laws stated herein;

(e)      enter judgment against Imperial Dade and in favor of Plaintiff awarding Plaintiff his

attorneys' fees and costs; and

(f)      grant all such further relief as deemed just and proper under the circumstances.

### DEMAND FOR NON-JURY TRIAL

Plaintiff demands a trial by jury against Imperial Dade on all issues so triable.

Respectfully submitted this 10th day of August, 2023.

White & Twombly, P.A.
*Counsel for Plaintiff*
9999 NE 2nd Avenue, Ste. 306
Miami Shores, FL 33138
Tel: (786) 502-2038
robert@whitetwombly.com
paralegalryt@whitetwombly.com


*By: /s/ Robert Twombly*
Robert Twombly, Esquire
FBN: 060127

# EXHIBIT "A"

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | | ☐ FEPA<br>☒ EEOC | 510-2022-04890 |

| Florida Commission On Human Relations | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Luis Santiago Pena Bobbio** | ▮▮▮▮▮▮ | **1948** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| ▮▮▮▮▮▮▮ | ▮▮▮▮▮▮▮ | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **Imperial Dade** | **500 or More** | **(305) 805-2600** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **9601 N. W. 112th Avenue, Miami, FL 33170** | | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **07-29-2021** | **03-28-2022** |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I am 74 years old. From October of 2017 and continuing through March 28, 2022, I was employed as general cleaning labor with Imperial Dade Corporation. My duties in that capacity required me to, among other things to clean the floors, warehouse lines and boxed excess materials. In five years of employment, I have consistently received above-average performance evaluations, and never received a reprimand of any kind.**

**Sometime around May of 2020, Rafael Bryan (approx. 77 years old) and me, the two oldest workers at the plant were single out and summoned by Jose Mason, Plant Manager. He told us in order to keep our jobs we had to do additional duties that required 2-3 people to unload trucks.**

**Soon after the May meeting and throughout 2021, almost on a weekly basis I was constantly being verbally accosted by my immediate supervisor, Manuel Rosales (60+ years old) and his supervisor, Lachan Fann (approx. 35/40 years old). Manuel Rosales constantly came around every 30 minutes or**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 05/25/2022     *[signature]*<br>Date       Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

<table>
<tr><td rowspan="2">CHARGE OF DISCRIMINATION<br><br><span>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.</span></td><td colspan="2">Charge Presented To:</td><td>Agency(ies) Charge No(s):</td></tr>
<tr><td>☐ FEPA<br>☒ EEOC</td><td></td><td>510-2022-04890</td></tr>
<tr><td colspan="2">Florida Commission On Human Relations</td><td colspan="2">and EEOC</td></tr>
<tr><td colspan="4"><i>State or local Agency, if any</i></td></tr>
</table>

so to yell at us to hurry up. He did not act this way with any other employees in the plant, only with Rafael Bryant and me. This type of harassment was common knowledge to some on the floor.

On or around June of 2021, our work scheduled was modified. We normally worked from 9 am to 5:30 pm or about, a new schedule required us to start at 6:30 am continuing to 8:30 pm or longer. Almost on a daily basis Rafael and I complained to Manuel Rosales not only about the number of hours we were expected to work, but also the conditions in comparison to the other workers.

On or around January of 2021 and after continuous harassment and some verbal altercations Lachan Fann in collusion with Manuel Rosales decided to increment the level of retaliation against Rafael Bryant and me in their push to force us to retire. This retaliation included:

1.      The removal of 2 people from the 2-3 unloading trucks team and thus making Rafael Bryant and me to unload 53 foot trailers and sometimes longer by ourselves with no other help. We were the only ones required to unload solo.

2.      Pushing an unloading timetable of completion that they knew or should have known to be unreasonable just for one person.

3.      They left us the heaviest trucks to unload and without any extra help, thus assuring that we were the last people to leave the plant almost on a daily basis.

4.      Requiring us to clean the outside garden area that is fully overgrown with grass and leaves in the Miami hot sun that was full of rats and even snakes, even though an outside company specifically hired to do the job.

On or around November 18th 2021, Lachan Fann sent me to a storage area around work line C to move very heavy boxes of Clorox and others similar items. When she would normally send two people to do this type of job because the weight of the boxes, but when it came to Rafael and me, she would send us to do this type of work by ourselves.   On this occasion I got hurt. I severely strained my lumbar muscles which required me to visit the doctor on a regular basis.

On the 15th of March 2022, there was an incident at the plant and the rumor was that Rafael was terminated. Soon after on March 17th I was approached by Manuel Rosales. He told that Rafael had quit his job so now I was responsible for doing his job and my job. He told me this while knowing that I was still suffering from the strained lumbar muscles. After hearing this, I decided to resign. My last day of work was March 18th and the effective day of my resignation was March 28th 2022.

<table>
<tr><td>I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.</td><td colspan="2">NOTARY – <i>When necessary for State and Local Agency Requirements</i></td></tr>
<tr><td rowspan="2">I declare under penalty of perjury that the above is true and correct.<br><br>05/25/2022</td><td colspan="2">I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT</td></tr>
<tr><td colspan="2">SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br><i>(month, day, year)</i></td></tr>
<tr><td><i>Date</i></td><td><i>Charging Party Signature</i></td><td></td></tr>
</table>

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 510-2022-04890 |

| **Florida Commission On Human Relations** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

I believe the Employer harassed me and subjected me to a hostile work environment because of my age; and in retaliation for complaining about discrimination, I was forced to resign in violation of the Age Discrimination in Employment Act, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 05/25/2022 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |
| *Date*          *Charging Party Signature* | |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.  **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2.  **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.  **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.  **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.  **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# EXHIBIT "B"

EEOC Form 161-B (01/2022) **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION NOTICE**

## OF RIGHT TO SUE (*ISSUED ON REQUEST*)



To: Luis Santiago Pena Bobbio 2725

From: Miami District Office 100
SE 2nd St, Suite 1500
Miami, FL 33131

EEOC Charge No. EEOC Representative Telephone No.
**510-2022-04890 CONSUELO NODAR, consuelo.nodar@eeoc.gov**

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**
**786-648-5810**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

*Age Discrimination in Employment Act (ADEA):* You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** *of your receipt of this Notice.* Otherwise, your right to sue based on the above-numbered charge will be lost.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that *backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.*

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By:Evangeline Hawthorne
05/11/2023

Enclosures(s) Evangeline Hawthorne

**Director**

cc: Michelle Filmore
    Littler Mendelson, P.C.
    111 N Orange Ave STE 1750
    Orlando, FL 32801
    Eddie Vega
    Littler Mendelson, P.C.
    111 N Orange Ave STE 1750
    Orlando, FL 32801
    Lauren C Robertson
    Littler Mendelson
    111 N ORANGE AVE STE 1750
    Orlando, FL 32801
    Ericka Garcia
    Littler Mendelson, P.C.
    333 SE 2ND AVE STE 2700
    Miami, FL 33131

Courtney B Wilson
Littler Mendelson, P.C.
333 SE 2ND AVE STE 2700
Miami, FL 33131
Irene Ayzenberg-Lyma
Imperial Bag & Paper Co.,
LLC 5901 W SIDE AVE FL 7
North Bergen, NJ 07047
ALEXANDRA BERKOWITZ
Imperial Bag & Paper Co.,
LLC 255 US HIGHWAY 1 AND
9
Jersey City, NJ 07306
Lisa M Shelnut
Littler Mendelson, P.C.
111 N ORANGE AVE STE 1750
Orlando, FL 32801
Vicki King
Littler Mendelson, P.C.
111 N ORANGE AVE STE 1750
Orlando, FL 32801

Robert Matos
2725 W Okeechobee Rd., Apt.
#5 Hialeah, FL 33010
Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law.</u>*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS — Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS — Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were

underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Filing # 180109101 E-Filed 08/21/2023 12:03:52 PM

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. |||
|---|---|---|
| **DIVISION** ☒ CIVIL ☐ DISTRICTS ☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE** **(a) GENERAL FORMS** | **CASE NUMBER** 2023-021177-CA-01 |
| **PLAINTIFF(S)** LUIS SANTIAGO PENA BOBBIO | **VS. DEFENDANT(S)** IMPERIAL BAG & PAPER CO. LLC, d/b/a IMPERIAL DADE, DADE PAPER & BAG, LLC, d/b/a IMPERIAL DADE | **SERVICE** |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): DADE PAPER & BAG, LLC d/b/a IMPERIAL DADE

c/o CORPORATION SERVICE COMPANY

1201 HAYS STREET

TALLAHASSEE, FL 32301

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: ROBERT TWOMBLY

whose address is: 9999 NE 2ND AVE, STE 306

MIAMI SHORES, FL 33138

CLOCK IN

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days.**" after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **JUAN FERNANDEZ-BARQUIN** **CLERK OF THE COURT AND COMPTROLLER** **MIAMI-DADE COUNTY** **CIRCUIT AND COUNTY COURTS** | BY:_____ DEPUTY CLERK | DATE |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

CLK/CT. 314 Rev. 06/23      PRINT      SAVE      RESET      Clerk's web address: www.miamidadeclerk.gov

Filing # 180101758 E-Filed 08/21/2023 11:21:53 AM

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.<br>☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. |||
|---|---|---|
| **DIVISION**<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE**<br>**(a) GENERAL FORMS** | **CASE NUMBER**<br>2023-021177-CA-01 |
| **PLAINTIFF(S)**<br>LUIS SANTIAGO PENA BOBBIO | **VS.  DEFENDANT(S)**<br>IMPERIAL BAG & PAPER CO. LLC, d/b/a IMPERIAL DADE, DADE PAPER & BAG, LLC, d/b/a IMPERIAL DADE | **SERVICE** |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): IMPERIAL BAG & PAPER CO. LLC, d/b/a IMPERIAL DADE

c/o CORPORATION SERVICE COMPANY

1201 HAYS STREET

TALLAHASSEE, FL 32301

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: ROBERT TWOMBLY

whose address is: 9999 NE 2ND AVE, STE 306

MIAMI SHORES, FL 33138

CLOCK IN

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days.**" after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **JUAN FERNANDEZ-BARQUIN**<br>**CLERK OF THE COURT AND COMPTROLLER**<br>**MIAMI-DADE COUNTY**<br>**CIRCUIT AND COUNTY COURTS** |  BY:_____<br>DEPUTY CLERK | **DATE**<br>8/21/2023 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1ST Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

CLK/CT. 314  Rev. 06/23     PRINT    SAVE    RESET    Clerk's web address: www.miamidadeclerk.gov

Filing # 180109101 E-Filed 08/21/2023 12:03:52 PM

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. |||
| :-- | :-- | :-- |
| ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. |||

| DIVISION<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | CASE NUMBER<br>2023-021177-CA-01 |
| :-- | :-- | :-- |
| **PLAINTIFF(S)**<br>LUIS SANTIAGO PENA BOBBIO | **VS. DEFENDANT(S)**<br>IMPERIAL BAG & PAPER CO. LLC, d/b/a IMPERIAL DADE, DADE PAPER & BAG, LLC, d/b/a IMPERIAL DADE | **SERVICE** |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): DADE PAPER & BAG, LLC d/b/a IMPERIAL DADE

c/o CORPORATION SERVICE COMPANY

1201 HAYS STREET

TALLAHASSEE, FL 32301

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney: ROBERT TWOMBLY

whose address is: 9999 NE 2ND AVE, STE 306

MIAMI SHORES, FL 33138

CLOCK IN

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days.**" after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| JUAN FERNANDEZ-BARQUIN<br>CLERK OF THE COURT AND COMPTROLLER<br>MIAMI-DADE COUNTY<br>CIRCUIT AND COUNTY COURTS | BY:_____<br>DEPUTY CLERK | DATE |
| :-- | :-- | :-- |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

PRINT     SAVE     RESET     Clerk's web address: www.miamidadeclerk.gov

Filing # 180101758 E-Filed 08/21/2023 11:21:53 AM

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. |
| ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. |

| **DIVISION**<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE**<br>**(a) GENERAL FORMS** | **CASE NUMBER**<br>2023-021177-CA-01 |
|---|---|---|
| **PLAINTIFF(S)**<br><br>LUIS SANTIAGO PENA BOBBIO | **VS.   DEFENDANT(S)**<br><br>IMPERIAL BAG & PAPER CO. LLC, d/b/a IMPERIAL DADE, DADE PAPER & BAG, LLC, d/b/a IMPERIAL DADE | **SERVICE** |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): IMPERIAL BAG & PAPER CO. LLC, d/b/a IMPERIAL DADE

c/o CORPORATION SERVICE COMPANY

1201 HAYS STREET

TALLAHASSEE, FL 32301

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: ROBERT TWOMBLY

whose address is: 9999 NE 2ND AVE, STE 306

MIAMI SHORES, FL 33138

CLOCK IN

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days.**" after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **JUAN FERNANDEZ-BARQUIN**<br>**CLERK OF THE COURT AND COMPTROLLER**<br>**MIAMI-DADE COUNTY**<br>**CIRCUIT AND COUNTY COURTS** | BY:_____<br>DEPUTY CLERK | DATE |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

CLK/CT. 314  Rev. 06/23     **PRINT**     **SAVE**     **RESET**     Clerk's web address: www.miamidadeclerk.gov

Filing # 183584056 E-Filed 10/09/2023 11:45:19 PM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**CIRCUIT CIVIL DIVISION**

**CASE NO.: 2023-021177-CA-01**
**SECTION: CA15**

**Luis Santiago Pena Bobbio**
**Plaintiff(s),**

**vs.**

**Imperial Bag & Paper Co. LLC et al**
**Defendant(s)**

_____/

<u>**CASE MANAGEMENT ORDER (GENERAL PATHWAY)**</u>


**THIS CAUSE** came before the Court on case management review. Based on the review of the file, and pursuant to Rule 2.545, Fla. R. Jud. Admin., the Court has established Case Management Deadlines, and it is hereby

**ORDERED** that:

1. The parties shall comply with these Case Management Deadlines until further order of court. The parties shall strictly comply with the deadlines and should expect that the case will be tried during the anticipated trial period specified, without continuances. The parties cannot agree to extend the deadlines and cannot agree to waive any portion of the provisions of this order.

2. **Procedural Requirements**: In addition to strict adherence to the Florida Rules of Civil Procedure and the Administrative Orders of the Court, the parties shall comply with the Case Management Procedures in this order. The parties may not unilaterally extend any of the deadlines contained in the Case Management Procedures. Deadlines may be altered by the Court where the interests of justice so require, upon prompt motion, notice and hearing.

| CASE MANAGEMENT DEADLINES | |
|---|---|
| **Deadline for Service of Complaint:** | **12-07-2023** |

| | |
|---|---|
| **Deadline for Propounding Requests for Production, Requests to Admit and Interrogatories:** | **12-27-2023** |
| **Deadline for Witness and Exhibit List, including known experts:** | **01-31-2024** |
| **Deadline for Initial Scheduling and Setting Depositions:** | **02-10-2024** |
| **Deadline for Adding Parties:** | **03-12-2024** |
| **Deadline for Inspections/Examinations:** | **03-27-2024** |
| **Deadline for Expert Disclosure:** | **05-26-2024** |
| **Deadline for Discovery Completion (Including Depositions):** | **07-25-2024** |
| **Deadline for Final Witness and Exhibit List:** | **08-29-2024** |
| **Deadline for Dispositive Motions:** | **09-13-2024** |
| **Deadline for Pretrial Motions and Jury Instructions/Daubert:** | **09-28-2024** |
| **Deadline for ADR/Mediation:** | **10-13-2024** |
| **Trial Ready Deadline:** | **10-13-2024** |

## CASE MANAGEMENT PROCEDURES
### Motion Practice

1. **Duty to Communicate**: Prior to filing any motion, counsel have a duty to confer with each other directly in good faith, *not through staff*, to attempt to narrow or resolve issues. "In good faith" means you are professional and temperate in your communications, you return phone calls and emails in a timely manner, and you do not set unreasonable deadlines for responses.

2. **Scheduling of Hearings**: Motions filed (other than dispositive motions or those requiring testimony) must be noticed for hearing on the first available motion calendar. Motions not promptly set for hearing may be ruled upon by the Court on the papers.

3. **Compelling Discovery where there has been no response**: The parties are to comply with Administrative Order 06-09 when moving to compel production of propounded discovery. These motions shall be submitted via courtMAP with supporting documents and shall <u>not</u> be placed on motion calendar.

4. **Motions for Protective Order**: Motions for protective order must be filed as soon as the grounds are known. Counsel should be coordinating deposition dates for specific parties/witnesses and have a duty to confer regarding any issues that would be the subject of a motion for protective order prior to scheduling the deposition. The filing of the motion must not be delayed until immediately prior to the scheduled deposition. <u>A motion for protective order does not automatically stay the deposition and the deposition shall proceed unless an order granting the motion is entered by the Court.</u>

5. **Motions for Extension**: Motions for extension of time must state with specificity the reason why extension is needed and anticipated deadline for competition, which may not exceed the time allowed for the original deadline absent extraordinary circumstances.   The Court may rule upon submission of the motion without a hearing. Any motion for extension of time must be preceded by a meet and confer with opposing counsel and absent agreement, be set for hearing immediately upon filing. Counsel should be prepared to respond promptly in the event the motion is denied.

6. **Dispositive Motions**: Motions which may dispose of specific issues, portions of the case or the entire case should be filed <u>and</u> set for hearing as soon as possible. Parties wishing to pursue a dispositive motion should target the essential discovery promptly. <u>Parties should confer to assure necessary discovery is scheduled to be completed and will be completed prior to a special set hearing date.</u>   <u>Last minute cancellations are disfavored.</u>

7. **Amendment of Pleadings**: Motions to amend should be filed so as not to affect the date of trial. Although the Court recognizes the rule of liberality with regard to amendment of pleadings, liberality declines with an approaching trial date unless the amendment involves newly discovered information not previously available. Review your pleadings for necessary amendment(s) early, not as part of last-minute trial preparation.

### Discovery

8. **Written Discovery shall be propounded promptly**:

   a. **Objections**: If objections to written discovery involve the phrasing of the request or time frame of any discovery request, these objections may not be extended (even if the parties agree) and are due at the time the initial response is due. Failure to timely make these objections, constitutes a waiver. Parties shall comply with the "Duty to Communicate" above, prior to setting timely made objections for hearing.

   b. **Documents made available for inspection and copying**: If discovery responses provide that the documents are available for inspection and copying at a mutually convenient time and place, the responding party shall immediately (within 48 hours) provide three alternative dates and times that the documents are available for inspection and copying. All of the dates shall be within ten (10) days. Failure to provide the dates and times shall constitute a failure to respond to discovery. Review shall occur within fifteen (15) days of the response, absent extraordinary circumstances. Examples of "extraordinary circumstances" include a sole practitioner in trial on another case, a medical emergency, prepaid vacation, and a death in the family.

   c. **Privilege Logs**: Privilege logs are due at the time of the response and may not be reserved to be provided later. Privilege logs must specifically identify the document in accordance with Rule 1.280(b)(6), Fla.R.Civ.P.

   Failure to timely provide the privilege log may result in the waiver of the privilege.

This procedure requires preparation of a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product except the following: written and oral communications between a party and their counsel after commencement of the action and work product material created after commencement of the action.

Parties are instructed that where they believe that the divulgence of the logging information would necessarily cause disclosure of the allegedly privileged information, they must identify that the item exists and that *in camera* review by the court will be sought. The item may be described generically. However, if the Court determines that there is nothing inherent in the divulgence of the existence of the document or the logging information required that would violate privilege, the Court will impose sanctions for any *in camera* request determined to be frivolous. *In camera* requests by the party claiming the privilege must be signed by both the requesting attorney and the client, so as to assure that all are aware of the request and the consequences.

d. **Expert Disclosure**: Parties should furnish opposing counsel with the names and addresses of all expert witness under Rule 1.390(a) to be called at trial and all information regarding expert testimony that is required by Rule 1.280(b)(5). Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed.

9. **Depositions**: The parties are ordered to block time now for necessary depositions to be set in this case Expert deposition time should be coordinated and blocked as soon as experts are known to ensure compliance with this schedule. Depositions may commence at any time.  Refer to paragraph 4 above regarding motions for protective order.

## Witness and Exhibits Lists

10. **Witness and Exhibit Lists**: The parties shall timely exchange their witness and exhibit lists. The lists shall include complete proper names and addresses. If counsel chooses to list their bar address as the witness' address, counsel is deemed to have agreed to produce the witness voluntarily as they have withheld the information necessary for a witness subpoena, and counsel will be responsible for assuring that witness' presence at trial.

## **Mediation**

11. **Mediation**: Parties must mediate by the Court's deadline. The parties are responsible for assuring that they have all the necessary information to value their position prior to mediation. If the parties fail to mediate before the mediation deadline, sanctions shall be imposed by the Court. Failure to timely mediate shall not constitute just cause for a trial continuance.

      **DONE AND ORDERED** in Chambers, at Miami-Dade County, Florida, on this **9th day of October, 2023**.

2023-021177-CA-01 10-09-2023 11:35 PM

2023-021177-CA-01 10-09-2023 11:35 PM

**Jose Rodriguez**
CIRCUIT COURT JUDGE

Copies Furnished to:
Electronically Served

Robert Young Twombly Jr., robert@whitetwombly.com
Robert Young Twombly Jr., paralegalryt@whitetwombly.com

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

LUIS SANTIAGO PENA BOBBIO,

     Plaintiff,                CIVIL DIVISION

v.                                CASE NO: 2023-021177-CA-01

IMPERIAL BAG & PAPER CO. LLC, a foreign
limited liability company, d/b/a IMPERIAL
DADE, and DADE PAPER & BAG, LLC, a
Florida limited liability company, d/b/a
IMPERIAL DADE,

     Defendant.

_____/

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO COMPLY WITH THE CASE MANAGEMENT ORDER

**COMES NOW,** the Plaintiff, LUIS SANTIAGO PENA BOBBIO, ("Plaintiff") by and through its undersigned counsel, hereby files its Motion for Extension of Time to Comply with the Case Management Order, and related requirements and in support thereof states as follows:

## I. FACTUAL AND PROCEDURAL HISTORY

1.     On October 9, 2023, this Court issued a Case Management Order setting pretrial deadlines.

2.     Pursuant to the foregoing Order, the parties are required to comply with several pretrial and discovery deadlines.

3.     Pursuant to the Case Management Deadlines, the deadline for propounding requests for production, requests to admits and interrogatories is December 27, 2023.

4.     Plaintiff's counsel has made efforts to comply with the said Order establishing deadlines.

5.     Moreover, the Parties are still engaging in the process of discovery.

6.     This motion is made in good faith and not for purposes of delay.

7.     Accordingly, and based upon the aforementioned reasons, undersigned counsel respectfully requests an extension of deadlines in this matter.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an Order granting Plaintiff's Motion for Extension of Time to Comply with the Case Management Order, and related requirements; and any other relief this Court may deem just and appropriate.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been delivered to all of the Parties on the Court's e-service list via the Court's e-portal on December 29, 2023.

Respectfully submitted,

**WHITE & TWOMBLY, P.A.**
*Counsel for Defendant*
9999 NE 2nd Avenue, Suite 306
Miami Shores, Florida 33138
Telephone: (786) 502-2038
robert@whitetwombly.com
dan@whitetwombly.com
paralegalryt@whitetwombly.com

By: */s/Robert Twombly*
Robert Twombly, Esquire
FBN: 0060127

By: */s/Daniel Castilla*
Daniel Castilla, Esquire
FBN: 1049187

Filing # 188519358 E-Filed 12/21/2023 01:50:13 PM

| | | |
|---|---|---|
| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
| ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |

| DIVISION | WAIVER OF SERVICE OF PROCESS | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | (c) Forms for Services by Mail.<br>(2) Waiver of Service of Process. | 2023-021177-CA-01 |

| PLAINTIFF(S) | VS. DEFENDANT(S) | CLOCK IN |
|---|---|---|
| LUIS SANTIAGO PENA BOBBIO | IMPERIAL BAG & PAPER CO. LLC,<br>a foreign limited liability company,<br>d/b/a IMPERIAL DADE, and DADE<br>PAPER & BAG, LLC, a Florida liability<br>company, d/b/a IMPERIAL DADE | |

**TO:** IMPERIAL BAG & PAPER CO. LLC d/b/a Imperial Dade & Dade Paper & Bag, LLC

I acknowledge receipt of your request that I waive service of process in the lawsuit of _Luis Santiago Pena Bobbio_
v _Imperial Bag & Paper CO. LLC et al_ in the ☒ Circuit ☐ County Court in _____Miami-Dade_____.

On December 12, 2023, I have received a copy of the complaint, two copies of this waiver, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service process and an additional copy of the complaint in this lawsuit by not requiring that I, (or the entity on whose behalf I am acting), be served with judicial process in the manner provided by Fla. R. Civ. P.1.070.

If I am not the defendant to whom the notice of lawsuit and waiver of service of process was sent, and my authority to accept service on behalf of such person or entity is as follows: I declare that my relationship to the entity or person to whom the notice was sent and my authority to accept service on behalf of such person or entity is as follows: Counsel for Defendants Imperial Bag & Paper Co. LLC d/b/a Imperial Dade and Dade Paper & Bag, LLC.

I, (or the entity on whose behalf I am acting), will retain all defense or objections to the lawsuit or to the jurisdiction or venue of the court except for any objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me, (or the party on whose behalf I am acting), if a written response is not served upon you within 60 days from the date I received the notice of lawsuit and request for waiver of service of process.

**DATED ON** _December 19, 2023._

_/s/ Lauren C. Robertson_
Defendant or Defendant's Representative

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Allean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174; Email ADA@jud11.flcourts.org; Fax (305) 349-7355 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

Filing # 189421520 E-Filed 01/09/2024 04:58:43 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

LUIS SANTIAGO PENA BOBBIO,

      Plaintiff,                       CIVIL DIVISION

v.                                  CASE NO: 2023-021177-CA-01

IMPERIAL BAG & PAPER CO. LLC, a foreign
limited liability company, d/b/a IMPERIAL
DADE, and DADE PAPER & BAG, LLC, a
Florida limited liability company, d/b/a
IMPERIAL DADE,

      Defendant.

_____/

### NOTICE OF SERVICE OF PLAINTIFF'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

      **NOTICE IS HEREBY GIVEN** that Plaintiff, LUIS SANTIAGO PENA BOBBIO,

("**Plaintiff**") by and through their undersigned counsel has propounded a set of Interrogatories to

the Defendant, IMPERIAL BAG & PAPER CO. LLC, a foreign limited liability company, d/b/a

IMPERIAL DADE, and DADE PAPER & BAG, LLC, a Florida limited liability company, d/b/a

IMPERIAL DADE, ("**Defendant**") pursuant to Florida Rules of Civil Procedure 1.280 and 1.340,

to be answered under oath within the time prescribed.

### CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been delivered to

all of the Parties on the Court's e-service list via the Court's e-portal on January 9, 2024.

                              Respectfully submitted,

                              **WHITE & TWOMBLY, P.A.**
                              *Counsel for Plaintiff*
                              9999 NE 2nd Avenue, Suite 306
                              Miami Shores, Florida 33138
                              Telephone: (786) 502-2038

robert@whitetwombly.com
dan@whitetwombly.com
paralegalryt@whitetwombly.com

By: */s/Robert Twombly*
Robert Twombly, Esquire
FBN: 0060127

By: */s/Daniel Castilla*
Daniel Castilla, Esquire
FBN: 1049187

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

LUIS SANTIAGO PENA BOBBIO,

     Plaintiff,                      CIVIL DIVISION

v.                                  CASE NO: 2023-021177-CA-01

IMPERIAL BAG & PAPER CO. LLC, a foreign
limited liability company, d/b/a IMPERIAL
DADE, and DADE PAPER & BAG, LLC, a
Florida limited liability company, d/b/a
IMPERIAL DADE,

     Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

    **COMES NOW** Plaintiff, LUIS SANTIAGO PENA BOBBIO, ("Plaintiff") by and through

its undersigned counsel, and pursuant to Rule 1.350 of the Florida Rules of Civil Procedure,

requests the Defendants, IMPERIAL BAG & PAPER CO. LLC, a foreign limited liability

company, d/b/a IMPERIAL DADE, and DADE PAPER & BAG, LLC, a Florida limited liability

company, d/b/a IMPERIAL DADE, ("Defendants") produce and permit the inspection, copying,

testing sampling, measuring, surveying, photographing, or otherwise examining by or on behalf of

the Plaintiff the following:

## INSTRUCTIONS FOR ANSWERING

1. You are required, in responding to this request to obtain and furnish all information available
   to you and any of your representatives, employees, agents, brokers, servants, or attorneys and
   to obtain and furnish all information that is in your possession or under your control, or in the
   possession or under the control of any of your representatives, employees, agents, servants, or
   attorneys.

2. Each request which seeks information relating in any way to communications, to, from, or
   within a business and/or corporate entity, is hereby designated to demand, and should be
   construed to include, all communications by and between representatives, employees, agents,
   brokers and/or servants of the business and/or corporate entity.

3.  Each request should be responded to separately. However, a document which is the response to more than one request may, if the relevant portion is marked or indexed, be produced and referred to in a later response.

4.  All documents produced shall be segregated and identified by the paragraphs to which they are primarily responsive. Where required by a particular paragraph of this Request, documents produced shall be further segregated and identifies as indicated in this paragraph. For any documents that are stored or maintained in files in the normal course of business, such documents shall be produces in such files, or in such a manner as to preserve and identify the file from which such documents were taken.

5.  If you object to part of any request, please furnish documents responsive to the remainder of the request.

6.  Each request refers to all documents that are either known by the defendant(s) to exist or that can be located or discovered by reasonably diligent efforts of the defendant(s).

7.  The documents produced in response to this Request shall include all attachments and enclosures.

8.  The documents requested for production include those in the possession, custody, or control of defendant(s), its agents, representatives or attorneys.

9.  References to the singular include the plural.

10. The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

11. All documents called for by this request or related to this request, for which the defendant(s) claims a privilege or statutory authority as a ground for nonproduction shall be listed chronologically as follows:

   a.  The place, date, and manner of recording or otherwise preparing the document;

   b.  The name and title of the sender;

   c.  The identity of each person or persons *(other than stenographic or clerical assistants)* participating in the preparation of the document;

   d.  The identity and title with defendant(s), if any, or the person or persons supplying defendant(s)' attorneys with the information requested above;

    e.  The identity of each person to whom the contents of the document have heretofore been communicated by copy, exhibition, sketch, reading or substantial summarization, the dates of said communication, and the employer and title of said person at the time of said communication;

    f.  Type of document;

    g.  Subject matter (without revealing the relevant information for which privilege or statutory authority is claimed); and

    h.  Factual and legal basis for claim, privilege or specific statutory or regulatory authority which provides the claimed ground for nonproduction.

12. Each request to produce a document or documents shall be deemed to call for the production of the original document or documents to the extent that they are in, or subject to, directly or in directly, the control of the party to whom this request is addressed. In addition, each request should be considered as including a request for separate production of all copies and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof).

13. All documents produced in response to this Request shall be produced in toto notwithstanding the fact that portions thereof may contain information not requested.

14. If any documents requested herein have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date, and subject matter.

15. Where exact information cannot be furnished, estimated information is to be supplied to the extent possible. Where estimation is used, it should be so indicated, and an explanation should be given as to the basis on which the estimate was made and the reason exact information cannot be furnished.

16. With respect to any document requested which was once in possession, custody or control, but no longer is, please indicate the date the document ceased to be in possession, custody, or control, the manner in which it is ceased, and the name and address of its present custodian.

17. Unless otherwise indicated, each request is to be construed as encompassing all documents which pertain to the stated subject matter and to events which transpired between January, 2021 up to the present.

**<u>DEFINITIONS</u>**

1. "You," "your" and "yourself" refer to the party to whom the following requests are addressed, and its agents, representatives, officers, directors, affiliates, predecessors and successors in interest, parents, divisions, subsidiaries, area and regional offices and employees, including persons or entities outside of the United States.

2. "Person" means natural persons, firms, proprietorships, associations, partnerships, corporations and every other type of organization or entity.

3. "Identify" means when used in reference to:

   a. A *document,* to state separately:

      i. Its description (e.g. letter, report, memorandum, etc.),

      ii. Its date,

      iii. Its subject matter,

      iv. The identity of each author or signer,

      v. Its present location and the identity of its custodian;

   b. An *oral* statement, communication, conference or conversation, to state separately:

      i. Its date and the place where it occurred,

      ii. Its substance,

      iii. The identity of each person participating in the communication or conversation, and

      iv. The identity of all notes, memoranda or other documents memorializing, referring to or relating to the subject matter of the statement;

   c. A *natural person or persons,* to state separately:

      i. The full name of each such person,

      ii. His or her present, or last known business address and his or her present or last

known residential address, and

    iii.   The employer of the person at the time to which the interrogatory answer is directed and the person's title or position at that time;

  d.  An *organization or entity* other than a natural person (e.g., a company, corporation, firm, association, or partnership), to state separately:

    i.   The full name and type of organization or entity,

    ii.   The date and state of organization or incorporation,

    iii.   The address of each of its principal places of business, and

    iv.   The nature of the business conducted.

4. "Communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written communications and oral communications.

5. "Document" or "documents" includes without limitation any written, typed, printed, recorded, or graphic matter, however preserved, produced, or reproduced, of any type or description, regardless of origin or location, including without limitation any binder, cover note, certificate, letter, correspondence, record, table, chart, analysis, graph, schedule, report, test, study memorandum, note, list, diary, log, calendar, telex, message (including, but not limited to, inter-office and intra-office communications), questionnaire, bill, purchase order, shipping order, contract, memorandum of contract, agreement, assignment, license, certificate, permit, ledger, ledger entry, book of account, check, order, invoice, receipt, statement, financial data, acknowledgement, computer or data processing card, computer or data processing disk, computer-generated matter, photograph, photographic negative, phonograph recording, transcript or log of an such recording, projection, videotape, film, microfiche, and all other data compilations from which information can be obtained or translated, reports and/or summaries of investigations, drafts and revisions of drafts of any documents and original preliminary notes or sketches, no matter how produced or maintained, in you actual or constructive possession, custody or control, or the existence of which you have knowledge, and whether prepared, published or released by you or by any other person. If a document has been prepared in several copies, or additional copies have been made, or copies are not identical (or which by reason of subsequent modification of a copy by the addition of notations or other modifications, are no longer identical), each nonidentical copy as a separate document.

6. "Relating to" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing,

analyzing, or bearing any logical or factual connection with the matter discussed.

7. "Claim" means a demand or assertion, whether oral or written, formal or informal, by any person for monetary payment, the undertaking of action, or the cessation of action.

8. "Consulted" or "contracted" means any form of communication, e.g., oral statements, telephonic conversations or other mechanical communications or any other type of communication including written letters or documents.

9. "Defendant" means Defendant(s), their subsidiaries, divisions, parent company, and holding company and the directors, officers, employees, agents, representatives, and others known to you to have acted on their respective behalf.

10. "Management" or "manage" includes any act of directing, conducting, administering, controlling, or handling an identified function or duty.

11. "During the relevant time period" shall mean a period of five years before and up to the date of occurrence alleged.

12. "Any" shall also mean "all" and vice versa.

13. "And" shall mean "or" and "or" shall mean "and" as necessary to call for the broadest possible answer.

## <u>REQUESTS</u>

1. The complete files relating to the Plaintiff, including, but not limited to the Plaintiff's personnel file, the records pertaining to duties, salary, promotions, evaluations, discipline, benefits, discharge, layoff or retirement.

2. All documents identifying the nature of the Defendant(s)' operations, the physical locations, and the corporate organizational structure of the Defendant(s), including the owners, shareholders, directors, and all others who have any responsibility for the development of policy.

3. All organizational charts, personnel charts, descriptions, lists, tables, flow charts or other similar documents in the possession of the Defendant(s) that show the identities, titles or responsibilities of each person responsible in any manner for personnel, recruitment, hiring, selection, training, disciplining, demoting, terminating or accommodating any disability.

4. Any and all documents which were required to be filed or were filed with any state or federal agency dealing with race, color, sex, age, national origin, religion or disability of employees.

5. All documents relating to any complaints of discrimination or harassment committed by the Defendant(s), his employees, or agents.

6. All documents relating to any claims or charges filed by any persons against the Defendant(s) with the Equal Employment Opportunity Commission, the Office of Federal Contract Compliance Programs, any other federal program, or any state or municipal agency dealing with race, color, sex, age, national origin, religion or disability discrimination.

7. Copies of any and all documents regarding any claims filed in any state or federal courts against the Defendant(s) concerning discrimination in employment.

8. All documents relating to the affirmative action program or plan of the Defendant(s) including each affirmative action plan with effective dates for each.

9. All documents relied upon in the development of each affirmative action plan.

10. All documents which indicate the breakdown of the workforce by each of the following characteristics: name, date of hire, rate of pay, date of birth, sex, national origin or religion of employees at the present time and during Plaintiff's employment.

11. All documents which indicate the breakdown of the applicant pool by any of the following characteristics: name, qualifications, date of application, position applied for and its rate of pay, date of birth, sex, national origin or religion of employees at the present time and during Plaintiff's employment.

12. All documents which indicate the breakdown of the Defendant(s)' employment market pool by any of the following characteristics: name, qualifications, date of application, position applied for and its rate of pay, date of birth, sex, national origin or religion of employees at the present time and at the time of Plaintiff's employment.

13. All documents which you intend to introduce into evidence at the trial of this case or may be used to refresh the recollections of witnesses at depositions or trial.

14. All documents containing statistical data relied on by the Defendant(s).

15. All statements and memos relating to witnesses or potential witnesses or persons contacted in connection with this case.

16. All documents which the Defendant(s) contends support the defenses asserted in the Defendant(s)' answer or that relate to any claims asserted by the Defendant(s).

17. All documents, speeches, articles, or publications by the Defendant(s), his employees, and his agents that refer or relate to discrimination based on race, color, religion, age, sex, disability or any other characteristic.

18. All documents reflecting all insurance policies and/or insurance coverage which Defendant(s) has or has had for any liability arising from employment practices.

19. All documents relating to the balance sheet reflecting the assets and liabilities and net worth of the Defendant(s) including 10-K statements and Annual Reports.

20. All other documents in the possession of the Defendant(s) that pertain to this legal action and that are not described above.

21. All manuals, handbooks, policies, procedures, notices, or directives issued by the Defendant(s), pertaining to:

    a. Discipline,

    b. Demotion,

    c. Transfer,

    d. Layoff,

    e. Discharge.

22. All manuals, handbooks, policies, procedures, notices, or directives issued by the Defendant(s), pertaining to:

    a. Compensation,

    b. Fringe benefits,

    c. Bonus pay,

    d. Merit raises,

    e. Incentives.

23. All manuals, handbooks, policies, procedures, notices or directives issued by the Defendant(s), pertaining to:

    a.  Recruitment,

    b.  Selection and hiring,

    c.  Objective testing,

    d.  Subjective evaluation,

    e.  Position requirements,

    f.  Job posting,

    g.  Job assignment,

    h.  Seniority system,

    i.  Training programs or skill acquisition opportunities,

    j.  Promotion.

24. All manuals, handbooks, notices, or directives issued by the Defendant(s), pertaining to supervisory responsibilities.

25. All manuals, handbooks, notices, or directives issued by the Defendant(s), pertaining to the maintenance of a safe, nondiscriminatory and nonhostile work environment.

26. Any and all documents pertaining to job descriptions or job qualifications.

27. Any and all manuals, handbooks, notices, or directives issued by the Defendant(s) during the relevant time period pertaining to any form or type of employment-related practice, procedure or policy including hiring, selection, job qualification, discipline, promotion, demotion, layoff or discharge.

28. All other manuals, handbooks, notices or directives relating to the Defendant(s)' policies, procedures or practices that pertain to this legal action and that are not described above.

29. The complete file relating to the Plaintiff, including the Plaintiff's personnel file, but not

limited to, the records pertaining to duties, salary, promotions, evaluations, discipline, benefits, discharge, layoff or retirement.

30. The personnel file of the person(s) who replaced the Plaintiff.

31. All document's relating to the Plaintiff's payroll records, earnings records, fringe benefit and overtime records.

32. All documents pertaining to or relating to the Plaintiff's contract of employment with the Defendant(s) or the employment relationship between the Plaintiff and the Defendant(s).

33. The personnel files of each employee who received the same treatment in activities such as hiring selection, assignment, promotion, demotion, discipline, compensation, termination, layoff or other employment related action which the Plaintiff contends are discriminatory.

34. The personnel files of each employee who is or was in a similar job description, had similar or comparable duties, or received compensation comparable to that of the Plaintiff.

35. All other documents relating to the Plaintiff's personnel file and employment with Defendant(s) that pertain to this legal action and that are not described above.

36. All studies, reports, or analysis done by internal staff, consultants, government agencies, or others related to any and all employment practice, policy, procedure, or statistic of the Defendant(s).

37. All documents related to allegations of discrimination by the Defendant(s) made by employees, customers, vendors or others.

38. All documents, tape recordings, or other writings memorializing or in any way recording or reflecting any words, statements, declarations, conversations or other communications by the Plaintiff or the Defendant(s) regarding the Plaintiff's employment relationship with the Defendant(s).

39. Any notes, memoranda, or records of any kind pertaining to the Plaintiff's job performance during the relevant time period.

40. Any and all letters, notes, memoranda, and records of any kind including adverse, negative, or favorable comments concerning the Plaintiff during the relevant time period.

41. Any and all documents sent by the Defendant(s) to any agency of the state and/or federal government concerning the Plaintiff.

42. Any and all letters, notes, memoranda, or writings of any kind from any person criticizing the

work performed by the Plaintiff or criticizing the Plaintiff in any way.

43. Any and all letters, notes, memoranda, or writings of any kind from any person commending, complimenting or commenting favorably on the work performed by the Plaintiff.

44. All documents which constitute, comment on, or reflect the facts and circumstances of any comparison made between the training, experience, abilities, job duties and/or job performance of the Plaintiff and other similarly situated employees or applicants.

45. All documents relating to all inquiries or investigations conducted as a result of Plaintiff's claim or allegation of discrimination.

46. All documents related to the Defendant(s)' efforts to prevent employment discrimination in the workplace including those made by the Defendant(s) in an effort to comply with state and federal laws or regulations relating to the maintenance of a nondiscriminatory environment.

47. All documents, including any memos, pertaining to any meetings, discussions, encounters, and/or conversations, whether private or public that the Defendant(s) or any agents or employee of the Defendant(s) had with the Plaintiff.

48. All documents pertaining to any meetings, discussions, encounters, and/or conversations, whether private or public that the Defendant(s) or any agent or employee of the Defendant(s) had regarding the Plaintiff.

49. All documents reflecting all communications made to any of the Defendant(s)' employees and/or in response to inquiries pertaining to the Plaintiff's employment relationship, work performance or other employment-related circumstances.

50. All documents pertaining to the orientation or any training received by the Plaintiff or other employees during the course of employment that related to the Defendant(s)' employment practices.

51. All other documents relating to the Defendant's communication to and about the Plaintiff that pertain to this legal action and that are not described above.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been delivered to all of the Parties on the Court's e-service list via the Court's e-portal on January 9, 2024.

Respectfully submitted,

**WHITE & TWOMBLY, P.A.**
*Counsel for Plaintiff*
9999 NE 2nd Avenue, Suite 306
Miami Shores, Florida 33138
Telephone: (786) 502-2038
robert@whitetwombly.com
dan@whitetwombly.com
paralegalryt@whitetwombly.com

By: */s/Robert Twombly*
Robert Twombly, Esquire
FBN: 0060127

By: */s/Daniel Castilla*
Daniel Castilla, Esquire
FBN: 1049187

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

LUIS SANTIAGO PENA BOBBIO,

      Plaintiff,                  CIVIL DIVISION

v.                                     CASE NO: 2023-021177-CA-01

IMPERIAL BAG & PAPER CO. LLC, a foreign
limited liability company, d/b/a IMPERIAL
DADE, and DADE PAPER & BAG, LLC, a
Florida limited liability company, d/b/a
IMPERIAL DADE,

      Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS

      Pursuant to Rule 1.370 of the Florida Rules of Civil Procedure, Defendants, IMPERIAL

BAG & PAPER CO. LLC, a foreign limited liability company, d/b/a IMPERIAL DADE, and

DADE PAPER & BAG, LLC, a Florida limited liability company, d/b/a IMPERIAL DADE,

("Defendants") are hereby requested to admit the truth of these matters:

## REQUEST FOR ADMISSIONS

Admit or deny the following:

**REQUEST 1**: The Court has personal jurisdiction over all parties in this lawsuit.

RESPONSE:

**REQUEST 2**: Plaintiff properly named Defendants in Plaintiff's original complaint.

RESPONSE:

**REQUEST 3**: The document attached as Exhibit B to the Complaint is a genuine copy of that document.

RESPONSE:

**REQUEST 4**: Plaintiff timely filed their charge of discrimination with the Equal Employment Opportunity Commission.

RESPONSE:

**REQUEST 5**: Plaintiff satisfied all conditions precedent before filing this suit.

RESPONSE:

**REQUEST 6**: Plaintiff belongs to a protected age group under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq.

RESPONSE:

**REQUEST 7**: Plaintiff belongs to a protected age group under the Florida Civil Rights Act (FCRA).

RESPONSE:

**REQUEST 8**: Defendants are employers subject to the provisions of the ADEA.

RESPONSE:

**REQUEST 9**: Defendants are employers subject to the provisions of the FCRA.

RESPONSE:

**REQUEST 10**: Plaintiff did not receive the same treatment as those similarly situated.

RESPONSE:

**REQUEST 11**: Defendants' seniority or merit system operates to discriminate on the basis of age.

RESPONSE:

**REQUEST 12**: Defendants' workload assignments in this suit do not qualify as a lawful practice because age is not a bona fide occupational qualification within the meaning of the ADEA.

RESPONSE:

**REQUEST 13**: Defendants' workload assignments do not qualify as a lawful practice because the differentiation between plaintiff and other employees was not based on reasonable factors other than age.

RESPONSE:

**REQUEST 14**: Defendants' workload assignments do not qualify as a lawful practice because plaintiff was not employed in a workplace in a foreign country where compliance with the ADEA would cause defendant, or a corporation controlled by defendant, to violate the laws of that foreign

country.

RESPONSE:

**REQUEST 15**: Plaintiff was assigned work disproportionately by Defendants because of their age.

RESPONSE:

**REQUEST 16**: Defendants failed to take immediate and appropriate corrective action in response to Plaintiff's claims of discriminatory conduct.

RESPONSE:

**REQUEST 17**: Defendants failed to take reasonable care to prevent discriminatory conduct.

RESPONSE:

**REQUEST 18**: Plaintiff took advantage of Defendant's measures designed to prevent and correct discriminatory conduct.

RESPONSE:

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been delivered to all of the Parties on the Court's e-service list via the Court's e-portal on January 9, 2024.

Respectfully submitted,

**WHITE & TWOMBLY, P.A.**
*Counsel for Plaintiff*
9999 NE 2nd Avenue, Suite 306
Miami Shores, Florida 33138
Telephone: (786) 502-2038
robert@whitetwombly.com
dan@whitetwombly.com
paralegalryt@whitetwombly.com

By: */s/Robert Twombly*
Robert Twombly, Esquire
FBN: 0060127

By: */s/Daniel Castilla*

Daniel Castilla, Esquire
FBN: 1049187